980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re John F. ANWILER, Debtor.
Martha ANWILER; John F. Anwiler, Appellants,
v.
Martha ANWILER, Defendant-Appellant,
Timothy Cohelan, Appellee.
 No. 92-55034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John F. Anwiler and Martha Anwiler appeal pro se the Bankruptcy Appellate Panel's (BAP) order denying their motion for leave to appeal an interlocutory order of the bankruptcy court. We dismiss for lack of jurisdiction.
 
 
 3
 "Jurisdiction of an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." Allen v. Old Nat'l Bank (In re Allen), 896 F.2d 416, 418 (9th Cir.1990) (per curiam). Pursuant to section 158(d), this court has jurisdiction over final decisions, judgments, orders, and decrees entered either by the district court or BAP under subsections (a) and (b) of section 158 respectively. Allen, 896 F.2d at 418. Interlocutory orders of the bankruptcy court may be reviewed only at the discretion of the district court or BAP. See 28 U.S.C. § 158(a) & (b).
 
 
 4
 Here, the BAP denied discretionary review of an interlocutory bankruptcy court order. See id. This court lacks jurisdiction to review such orders. See 28 U.S.C. § 158(d); Allen, 896 F.2d at 418.
 
 DISMISSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Anwilers contend in passing that this court has jurisdiction under 28 U.S.C. § 1293(b) and the doctrine announced in Gillespie v. United States Steel Corp., 379 U.S. 148 (1964). These contentions lack merit
 Section 1293(b) is no longer effective and has been replaced by 28 U.S.C. § 158. See Allen, 896 F.2d at 418 n. 3. In addition, application of the Supreme Court's holding in Gillespie is limited to cases involving the specific circumstances that were present in that case. See Branson, 912 F.2d at 336. Those circumstances are not present here.